UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HOP ENERGY, LLC, :
      Plaintiff, :
:   No. 3:07cv852 (WWE)
v. :
:
COREY KELLEHER and :
DIESEL DIRECT, INC., :
      Defendants. :

RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiff HOP Energy commenced this action alleging that its former employee, defendant Corey Kelleher, breached his agreement not to compete with plaintiff after he commenced employment with defendant Diesel Direct, Inc. Plaintiff initially filed an application for a temporary injunction.

A hearing on plaintiff's request for injunctive relief was held on July 9 and 10, 2007. Thereafter, plaintiff moved for summary judgment against Kelleher. The motion for summary judgment will be denied.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London

American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Plaintiff contends that the evidence presented at the preliminary injunction hearing demonstrates that, as a matter of law, Kelleher breached his non-solicitation agreement with HOP and that as a result of this breach four customers of HOP, Boston Buffalo Express, M&M Transportation, Lightning Express and Colony Foods, left HOP to conduct business with Kelleher's new employer, Diesel Direct.

According to the evidence, Kelleher's conduct may represent a breach of his agreement with HOP, which provided:

> For a period of one year following the termination of the Employee's employment, for whatever reason, Employee agrees that Employee shall not, directly or indirectly: . . . (iii) encourage any person or entity to terminate his or her employment or business relationship with the Company; or (iv) encourage any customer or supplier of the Company to terminate its relationship with the Company.

Regardless of whether defendant Kelleher's contact with the representatives of HOP's clients constitutes the prohibited encouragement, summary judgment must be denied. Defendant Kelleher has presented deposition testimony from the

representatives of HOP's clients who indicate that market forces or dissatisfaction with HOP motivated the switch to Diesel Direct.

Construing the evidence in favor of Kelleher, the Court finds that disputed issues of fact as to whether Kelleher's conduct represents a proximate cause of plaintiff's damages preclude granting summary judgment in plaintiff's favor on its claim against Kelleher.

## **CONCLUSION**

For the foregoing reasons, the motion for summary judgment [#27 ] is DENIED.


_____/s/_____
Warren W. Eginton, Senior U.S. District Judge

Dated at Bridgeport, Connecticut this \_13th\_\_ day of February, 2008.